UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jermaine Graves, | Case No. 2:25-cv-01294-APG-BNW |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| North Las Vegas PD, et al., | |
| Defendants. | |

Before this Court is Plaintiff's motion to proceed *in forma pauperis*. ECF No. 5. Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*. Plaintiff's motion to proceed *in forma pauperis* (at ECF No. 5) will, therefore, be granted. In addition, this Court denies the original motion to proceed *in forma pauperis* (at ECF No. 1) as moot.

Plaintiff also filed an original complaint (at ECF No. 1-1) and then moved to amend the complaint (ECF No. 10). Plaintiff's motion to amend is granted. This Court now screens Plaintiff's first amended complaint (ECF No. 10) as required by 28 U.S.C. §§ 1915(e)(2).

**I.     ANALYSIS**

    **A.     Screening Standard for Pro Se Prisoner Claims**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

1  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
2  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
3  2014) (*quoting Iqbal*, 556 U.S. at 678).

4      In considering whether the complaint is sufficient to state a claim, all allegations of
5  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
6  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
7  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
8  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
9  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
10 Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
11 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
12 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13     **B.**    **Screening the Amended Complaint**

14     Plaintiff alleges that on an unknown date, Officers Robledo and LeStrange arrested him
15 without reasonable suspicion. He also alleges they used excessive force when effectuating the
16 arrest. Lastly, he alleges that the City of North Las Vegas either maintained policies or customs
17 permitting such unconstitutional conduct, or alternatively, it failed to adequately train, supervise,
18 or discipline its officers.

19     Plaintiff asserts the following claims under 42 U.S.C. § 1983: Fourth Amendment
20 Excessive Force, Fourth Amendment Unlawful Seizure, Fourteenth Amendment Due Process,
21 and a claim under *Monell* liability based on either the policies in place or the failure to properly
22 train. Plaintiff names the following three defendants: the City of North Las Vegas, NLV Officer
23 Robledo, and NLV Officer LeStrange.

24     ***i.***    **Fourth Amendment Excessive Force**

25     A claim of excessive force during an arrest is analyzed under the Fourth Amendment's
26 "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). Whether
27 the use of force by a law enforcement officer was objectively reasonable must be assessed "in
28 light of the facts and circumstances confronting [the officer], without regard to their underlying

intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the Fourth Amendment excessive force context" and the court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (en banc).

### ii. Fourth Amendment Unlawful Seizure

"A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

### iii. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To plead a procedural due process claim, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures

employed to deprive the plaintiff of liberty or property were constitutionally deficient. *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

"Under the Fourteenth Amendment's substantive due process prong," courts analyze the conduct using "the 'shocks the conscience' test." *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.*

### iv. Monell claim

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

\* \*\*

Plaintiff's first amended complaint provides only conclusory statements that mimic some of the elements of the claims above. Indeed, the first amended complaint simply contains the type of formulaic recitation which has been deemed insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result, this Court will dismiss the first amended complaint with leave to amend.

/ /

### C. Instructions for amendment

If Plaintiff chooses to file an amended complaint, he must read this order carefully and provide facts that support each element of each of the claims he wishes to assert. In addition, he must provide date and place where the incident took place.

Plaintiff is further advised that if he files a second amended complaint, the prior complaints no longer serve any function in this case. As such, if he files a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 5) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 10) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (ECF No. 10) is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend, he must do so by January 19, 2026. Failure to file a second amended complaint by this deadline may result in the dismissal of the case. *See* Local Rule IA 11-8.

DATED: December 15, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE