UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jermaine Graves,

Plaintiff,

v.

City of North Las Vegas, et al.,

Defendants.

Case No. 2:25-cv-01294-APG-BNW

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Jermaine Graves brings this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred when two North Las Vegas police officers detained, took down, and arrested him outside a storage facility. This Court previously granted Graves's application to proceed in forma pauperis. ECF No. 11. This Court now screens Graves's second amended complaint (ECF No. 13) as required by 28 U.S.C. § 1915(e)(2).

## I. ANALYSIS

### A. Screening Standard

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendants, acting under color of state law, (2) deprived the plaintiff of Constitutional or federal statutory rights. *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Second Amended Complaint**

Across six claims, Graves sues the City of North Las Vegas and North Las Vegas Police Department ("NLVPD") Officers Robledo and LeStarge in their individual capacities. ECF No. 13 at 2. He alleges unlawful seizure and excessive force under the Fourth Amendment, a Fourteenth Amendment due process violation, failure to intervene, municipal liability, and false arrest and false imprisonment under Nevada law. *See generally* ECF No. 13. He seeks compensatory and punitive damages. *Id.* at 10.

**1. Claim One**

In his first claim, Graves alleges that on June 29, 2025, at about 9:45 p.m., he was lawfully present at an Extra Space Storage facility in North Las Vegas and was not engaged in

any criminal activity. *Id.* at 3. Officers Robledo and LeStarge approached him. *Id.* Graves alleges he did not threaten the officers, flee, or engage in any suspicious behavior, and that neither officer articulated a lawful basis for detaining him. *Id.* When Graves repeatedly asked why he was being detained, Officer LeStarge responded, "I don't know yet." *Id.* at 4. Officer Robledo ordered Graves to submit to detention, the officers forced him to the ground, and Officer LeStarge handcuffed him. *Id.*

Officer Robledo then searched Graves's fanny pack and found what Graves alleges was a lawfully possessed firearm. *Id.* Only then did Officer LeStarge tell Graves he was under arrest for carrying a concealed weapon. *Id.*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. An officer may briefly detain a person for investigation if the officer has reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 21–22, 30 (1968); *United States v. Sokolow*, 490 U.S. 1, 7 (1989). An arrest, by contrast, requires probable cause. *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964–65 (9th Cir. 2001).

Here, Graves states a colorable unlawful seizure claim against Officers Robledo and LeStarge.

**2. Claim Two**

In claim two, Graves alleges that although he was compliant and did not resist, Officers Robledo and LeStarge used "coordinated tactical maneuvers" to force him to the ground. ECF No. 13 at 4, 7. While Officer LeStarge handcuffed him, Officer Robledo placed his knee or foot on Graves's neck, restricting his movement and breathing. *Id.* Graves alleges he suffered pain in both knees, neck compression, fear of serious bodily injury or death, and emotional distress. *Id.* at 5.

/ / /

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotations omitted). In this analysis, the court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*

Here, Graves states a colorable excessive force claim against Officers Robledo and LeStarge. He alleges he had not committed a crime, posed no threat, and did not resist, yet both officers used coordinated maneuvers to force him to the ground. ECF No. 13 at 3–4. He further alleges that while Officer LeStarge handcuffed and restrained him, Officer Robledo pressed a knee or foot into his neck, restricting his breathing. *Id.* at 4. Liberally construing these allegations, each *Graham* factor weighs in Graves's favor. As to Officer LeStarge, although Graves does not allege that he applied pressure to Graves's neck, Graves alleges that LeStarge personally took part in taking him to the ground and restraining him. *Id.* That participation is sufficient at screening. *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).

**3. Claim Three**

In claim three, Graves alleges Officers Robledo and LeStarge deprived him of liberty and bodily integrity without due process of law, in violation of the Fourteenth Amendment's due process clause. ECF No. 13 at 7. This claim rests on the same facts as claims one and two.

/ / /

To state such a claim, a plaintiff must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) a lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). But when the alleged deprivation is a seizure of the person in a criminal case, the Fourth Amendment defines the process that is due. *See Graham*, 490 U.S. at 395.

Here, Graves's due process claim rests on the same conduct as his unlawful seizure and excessive force claims: the officers' detention, takedown, and arrest. ECF No. 13 at 7. Because the Fourth Amendment governs the process due for that conduct, Graves cannot state a separate Fourteenth Amendment due process claim based on it. Given that this claim fails as a matter of law and that Graves's Fourth Amendment claims will proceed, this Court recommends that his Fourteenth Amendment due process claim be dismissed with prejudice.

**4. Claim Four**

In claim four, Graves alleges that each officer was present during the unlawful arrest and use of excessive force, knew or should have known that the other officer was violating Graves's constitutional rights, had a realistic opportunity to intervene, and failed to do so. *Id.* at 8.

Police officers "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000). A failure-to-intervene claim is not a freestanding constitutional claim. It is a theory of liability for an underlying constitutional violation; here, the Fourth Amendment.

Here, Graves states a colorable failure-to-intervene claim against Officer LeStarge. He alleges that Officer Robledo pressed a knee or foot into his neck, restricting his breathing, while Officer LeStarge handcuffed him. ECF No. 13 at 4. Liberally construing these allegations, Officer LeStarge was close at hand, knew or had reason to know of the force being used, and had

a realistic opportunity to intervene but did not. Thus, Graves has sufficiently alleged a failure-to-intervene claim against Officer LeStarge.

Graves does not, however, allege a failure-to-intervene claim against Officer Robledo. The only force Graves attributes to Officer LeStarge is the takedown and handcuffing, and Graves alleges that Officer Robledo took part in that conduct himself. *Id.* Officer Robledo's liability for that conduct is addressed by Graves's excessive force claim. Because it is not clear these deficiencies could not be cured by amendment, this Court dismisses Graves's failure-to-intervene claim against Officer Robledo with leave to amend.

**5. Claim Five**

In claim five, Graves alleges the City of North Las Vegas maintained policies, customs, or practices that permitted or encouraged unlawful detentions, searches, and arrests without probable cause. *Id.* at 5, 8. He further alleges the City failed to adequately train and supervise its officers on lawful detention, arrest, use of force, and firearm-related encounters; that these failures amounted to deliberate indifference; and that the City's policies, customs, and failures were the moving force behind his injuries. *Id.* at 8. He also alleges that the officers' actions "demonstrate a pattern and practice" of unlawful detentions, searches, and arrests. *Id.*

A local government cannot be held liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, a local governmental entity may be sued under § 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom. *Id.* at 690–91. To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A custom may not be based on isolated or sporadic incidents; it must be founded on practices of sufficient duration, frequency, and

consistency that the conduct has become a traditional method of carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). And a failure-to-train theory ordinarily requires a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Here, Graves does not state a colorable *Monell* claim against the City of North Las Vegas. His allegations about its policies, customs, and training simply restate the elements of the claim. He does not identify any specific policy or custom, explain how its training was deficient, or allege facts about other incidents showing a pattern of similar conduct. The only conduct Graves describes is his own encounter with Officers Robledo and LeStarge, and a single incident ordinarily is not enough to establish a municipal custom. *See generally* ECF No. 13; *see also Trevino*, 99 F.3d at 918. Because it is not clear these deficiencies could not be cured by amendment, this Court dismisses Graves's *Monell* claim against the City of North Las Vegas, with leave to amend.

**6. Claim Six**

In claim six, Graves invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 and asserts a claim for false arrest and false imprisonment under Nevada law against Officers Robledo and LeStarge. ECF No. 13 at 10. The claim realleges the preceding paragraphs but otherwise ends after the word "Defendants." *Id.*

A district court has supplemental jurisdiction over state-law claims that are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Under Nevada law, false imprisonment is "an unlawful violation of the personal liberty of another," consisting of "confinement or detention without sufficient legal authority." NRS 200.460(1). False arrest is a form of false imprisonment. To state the claim, a plaintiff must allege that he was "restrained of his liberty under the probable imminence of force without any legal cause or justification therefor." *Hernandez v. City of Reno*, 97 Nev. 429, 433 (1981).

Here, Graves states a colorable claim for false arrest and false imprisonment under Nevada law against Officers Robledo and LeStarge. Although the claim itself is incomplete, it realleges the preceding factual allegations and, liberally construed, those allegations are sufficient. ECF No. 13 at 10. Graves alleges that both officers forced him to the ground, handcuffed him, and arrested him while he was engaged in lawful activity and without reasonable suspicion or probable cause. *Id.* at 3–4. This claim arises from the same facts as Graves's Fourth Amendment unlawful seizure claim, so it forms part of the same case or controversy.

### C. Instructions for Amendment

If Graves chooses to file a third amended complaint, he is advised that the prior complaints no longer serve any function in this case. As such, if he files a third amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. This Court cannot refer to the second amended complaint, a prior pleading, or to other documents to make his third amended complaint complete.

## II. CONCLUSION

**IT IS ORDERED** that:

- Graves's Fourth Amendment unlawful seizure claim will proceed against Officers Robledo and LeStarge;
- Graves's Fourth Amendment excessive force claim will proceed against Officers Robledo and LeStarge;
- Graves's failure-to-intervene claim will proceed against Officer LeStarge;
- Graves's failure-to-intervene claim against Officer Robledo is dismissed with leave to amend;
- Graves's *Monell* claim against the City of North Las Vegas is dismissed with leave to amend;
- Graves's false arrest claim will proceed against Officers Robledo and LeStarge; and

- Graves's false imprisonment claim will proceed against Officers Robledo and LeStarge.

**IT IS RECOMMENDED** that Graves's Fourteenth Amendment due process claim be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send this order and the amended complaint (ECF No. 13) to the North Las Vegas City Attorney's Office at cityattorney@cityofnorthlasvegas.com.

The NLV City Attorney's Office must, within 21 days of issuance of this order, file a notice advising this Court and Plaintiff of: (a) the names of the defendant(s) for whom it accepts service; (b) the names of the defendant(s) for whom it does not accept service; and (c) the names of the defendant(s) for whom it is filing a last known address under seal.

As to any defendant(s) for whom the NLV City Attorney's Office cannot accept service, the NLV City Attorney's Office must file under seal the last known address of those defendant(s) for whom it has such information. This notice with last known address information is not to be served on Plaintiff. If the last known address of the defendant(s) is a post office box, the NLV City Attorney's Office must attempt to obtain and provide the last known physical address.

If the NLV City Attorney's Office accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 13) within 60 days from the date of this order.

If service cannot be accepted for any of the defendant(s), Plaintiff must file a motion identifying the unserved defendant(s) and requesting issuance of summons(es). For the defendant(s) as to which the NLV City Attorney's Office does not provide a last known address, Plaintiff must provide the full name and address for the defendant(s).

Service must be completed within 90 days of the issuance of this order. Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff will have until December 2, 2026, to file an amended complaint. Failure to file an amended complaint by that date may result in this case proceeding only on the claims identified above.

## III. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 3, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE